UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:                              )
                                    )
DAVID MICHAEL LANE and              )    Case No. 10-80348 C-7D
JOAN ELIZABETH LANE,                )
                                    )
            Debtors                 )

**MOTION OF BANKRUPTCY ADMINISTRATOR FOR DISMISSAL OF CASE
PURSUANT TO SECTIONS 707(b)(1) and 707(b)(3)**

NOW COMES the U.S. Bankruptcy Administrator for the Middle District of North Carolina ("BA") and moves this Court for dismissal of this Chapter 7 case pursuant to § 707(b)(1) and (b)(3) on the grounds that the case is an abuse of the provisions of Chapter 7 based on bad faith and/or the totality of the circumstances of the Debtor's financial situation. In support hereof, the BA respectfully shows unto the Court as follows:

1. The Debtors, David Michael Lane and Joan Elizabeth Lane ("Debtors"), filed this petition under chapter 7 of the Bankruptcy Code on February 26, 2010.

2. The Debtors' § 341 Meeting of Creditors was held on March 26, 2010.

3. As required by 11 U.S.C. § 704(b), the BA filed a Statement of No Presumed Abuse on April 5, 2010.

4. The Debtors' case should be dismissed under the factors enumerated in § 707(b)(3), which provides that in cases in which a presumption of abuse does not arise, the Court shall consider whether the case was filed in bad faith or the totality of the circumstances of the

debtor's financial situation, in determining whether the granting of relief would constitute an abuse of the provisions of chapter 7.

5. Given the amount of debt and the Debtors' prior income, the BA has concerns as to whether this case was filed in good faith and seeks information about the female Debtor's ability to work, the Debtors' support for two adult sons and their addition to the household expenses without contributing income to offset those expenses, how and when debts were incurred, and any specific events or circumstances precipitating this filing.

6. A review of the Debtors' petition, schedules, and other documents filed with this Court ("the Schedules") suggest that the granting of relief in this case would also constitute an abuse of the provisions of Chapter 7 based upon the totality of the circumstances of the Debtors' financial situation. The BA contends that the factors considered by the courts in determining whether a case constituted a substantial abuse of the provisions of Chapter 7 under § 707(b) prior to the amendments made effective by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 are relevant to the consideration under § 707(b)(3) of whether a case is abusive because of bad faith or based upon the totality of the circumstances. The following factors set forth in In re Green, 934 F.2d 568 (4th Cir. 1991), may warrant dismissal for abuse based on the totality of the circumstances of the Debtors' financial situation:

    A.    The Schedules do not reflect that the Debtors have experienced any sudden illness, disability, calamity, or unemployment which constituted a sudden change in their circumstances and precipitated the bankruptcy filing.

    B.    Schedule I reflects that the male Debtor is employed and the female Debtor is unemployed, but testimony at the § 341 meeting was she was last employed three or

four years ago where her husband works, that she was looking for another job, but that she had no interviews since losing her job with her husband's company. Schedules I also reflects that no income is paid by the two adult sons who live with the Debtors, even though their living expenses are included on Schedule J and funded by the Debtors. Schedule I also includes a payroll deduction for repayment of a 401k loan, which is not allowable for debtors seeking a discharge of large amounts of debt.

C. The schedules reflect that the Debtors have accumulated $200,060 in credit card debt. It appears that the Debtors may have incurred debt beyond their ability to repay it, given the lack of adequate income to support the Debtors' living expenses and debt service.

D. Certain budgeted expenses appear to be excessive, such as those for other utilities ($348), clothing ($200), auto insurance ($200) on five vehicles, and other expenses ($344).

E. After adjustment of the certain expenses to a more reasonable level, and without projecting any additional income the Debtors may be able to earn or adult household members may be able to contribute, the Debtors may have the ability to fund a Chapter 13 plan with some dividend to creditors. Given the amount of debt incurred and sought to be discharged, a plan payment to unsecured creditors of less than the twenty-five per cent of allowed claims may be warranted in this case.

F. Regardless of the Debtors' ability to fund a plan, however, the Debtors' case should be dismissed as abusive of the bankruptcy process, in light of the amount of credit card and other debt accumulated and the Debtors' failure to pay the same from

-3-

Case 10-80348    Doc 18    Filed 05/25/10    Page 3 of 5

income available in prior years or, in the alternative, in light of the debt incurred by the Debtors beyond their ability to repay it from income they could reasonably project and earn.

G. The BA does not believe that the schedules are entirely accurate and needs further time to investigate issues relating to accuracy and good faith.

7. For these reasons, the BA believes that the Debtors' Chapter 7 case should be dismissed pursuant to Section 707(b)(1) of the Code on the grounds that the case is abusive, either based upon the totality of the circumstances of the Debtors' financial situation or upon a finding that the petition was filed in bad faith.

WHEREFORE, the BA respectfully requests:

A) That a pre-trial hearing be scheduled prior to the setting of a hearing on the merits of this motion, so that deadlines for discovery and other pre-trial matters may be discussed;

B) That the Court dismiss this case pursuant to 11 U.S.C. § 707(b)(1) on the grounds that the case constitutes an abuse of the provisions of Chapter 7 based upon bad faith and/or the totality of the circumstances of the Debtors' financial situation under 11 U.S.C. § 707(b)(3); and

C) That the Court grant such other and further relief as the court deems just and proper.

This the 25th day of May, 2010.

-4-

Case 10-80348    Doc 18    Filed 05/25/10    Page 4 of 5

<pre>
                                Michael D. West, Esq.
                                U.S. Bankruptcy Administrator


                        By  /s/ Robyn R. C. Whitman
                                Robyn R. C. Whitman
                                N. C. State Bar No. 16325
</pre>

OF COUNSEL:

Office of the Bankruptcy Administrator
P.O. Box 1828
Greensboro, North Carolina 27402-1828
Telephone: (336) 358-4170
Facsimile: (336) 358-4185

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served upon the following on the date set forth below electronically (if registered on CM/ECF) or by depositing a copy of the same in the United States mail, first class, postage prepaid, and addressed as follows:

David Michael Lane and
   Joan Elizabeth Lane
5305 Sky Lane Drive
Durham, NC  27704

John T. Orcutt, Esq.
6616-203 Six Forks Road
Raleigh, NC  27615

Edward C. Boltz
1738 Hillandale Road, Suite D
Durham, NC  27705

John A. Northen, Esq.
P. O. Box 2208
Chapel Hill, NC  27515-2208

DATED:  May 25, 2010.              /s/ Robyn R. C. Whitman
                                   Robyn R. C. Whitman

-5-

Case 10-80348    Doc 18    Filed 05/25/10    Page 5 of 5